# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

DAVID NIEMAN,

        Plaintiff,

vs.

STATE OF IOWA (HANCOCK
COUNTY), CHARLES L. HAWKINS,

        Defendants.

No. C09-3042-MWB

**ORDER**

## I.  INTRODUCTION

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The clerk's office filed such application on June 26, 2009. In addition to his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983. Also before the court is the plaintiff's application for appointment of counsel. The plaintiff filed such motion on August 10, 2009.

## II.  IN FORMA PAUPERIS APPLICATION

Based on the application submitted, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The clerk of the court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $300.00 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

### III. APPLICATION FOR APPOINTMENT OF COUNSEL

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 42 U.S.C. § 1983, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Because dismissal is appropriate in this action under 42 U.S.C. § 1983, the court does not believe that an attorney is warranted. Accordingly, the plaintiff's application for appointment of counsel shall be denied.

### IV. THE PLAINTIFF'S COMPLAINT

Currently confined at the Federal Correctional Institution—Englewood in Littleton, Colorado, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights. Jurisdiction appears to be predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff claims that Hancock County seized and deprived him of his property. The plaintiff also claims that, after he contacted Charles L. Hawkins to represent him in the matter related to the return of his property, Charles L. Hawkins assured him that his property would be returned. However, in April of 2007, Hancock County commenced an action, sold the plaintiff's property and kept all of the proceeds. Further, the plaintiff states the following:

> The auction[] and sale were against [my will and they deprived me of my property. On] numerous occasions, [I] request[ed that Charles L. Hawkins] contest the seizure of [my] property, ending in nothing more than false promises to [me]. Whereupon, Hancock County . . . sold [my] . . . lawfully owned property [and Charles L. Hawkins] committed legal malpractice by not filing a property notice to contest the forfeiture of [my] property.

In the relief portion of his complaint, the plaintiff explains that he is seeking compensatory damages and punitive damages.

Apart from including a short and plain statement of his claim and a demand for the relief that he seeks, the plaintiff makes clear in his complaint that his claims are related to events that are associated with his criminal action, that is, *United States v. Nieman*, Case # 3:06-cr-03021-MWB (N.D. Iowa 2007). The record in such case includes the plaintiff's pre-sentence investigation report, which the court adopted after modifying the base offense level for several counts of the superseding indictment.

The pre-sentence investigation report, among other things, reveals that a search warrant was executed at the plaintiff's residence on May 15, 2006. Pursuant to such warrant, methamphetamine and $208.00 was seized from the plaintiff's person. Additional items were seized from the plaintiff's residence and property. Those items include but are not limited to the following: drugs, drug paraphernalia, digital scale, hand guns, shotguns, rifles, ammunition, gun accessories, night vision, $4,848.00 in cash, stereo equipment, home entertainment equipment, miscellaneous power tools, a trailer, two 1986 Yamaha wave runners, a Yamaha ATV, a 1984 Harley Davidson motorcycle, a 1993 Pontiac car, two snowmobiles, a computer, three dirt bikes and a John Deere riding lawn mower. Further, the pre-sentence investigation report states that the plaintiff completed a personal financial statement on March 29, 2007. In such statement, the plaintiff reported that he had $124.93 in a savings account, $1,888.00 in a 401K account, a 1996 Oldsmobile valued at $1,000.00, a 1984 Chevy Silverado valued at $1,000.00, tools valued at $3,000.00,

coins valued at $200.00 and miscellaneous household items valued at $3,000.00. Apart from those unencumbered assets, the plaintiff reported that he owned a home. The plaintiff did not report any other unencumbered or encumbered assets. Finally, the pre-sentence investigation report indicates that the value of the assets that were seized by law enforcement is unknown, but, on April 3, 2007, the Iowa District Court for Hancock County filed a state forfeiture order on all of the seized personal property.

Iowa state court records reveal that, on August 17, 2006, a forfeiture complaint was filed against the plaintiff in the Iowa District Court for Hancock County. *See In Re Seized Property of David Nieman*, No. SPCV018285 (Hancock County Dist. Ct. 2007).[1] They also reveal that, on September 14, 2006, the Webster County Sheriff served the plaintiff with notice that his seized property was subject to forfeiture. In addition, the records indicate that, on April 3, 2007, Hancock County Attorney Karen R. Kaufman Salic filed a forfeiture application and, on the same date, the Iowa District Court for Hancock County entered a forfeiture order.

## V. DISCUSSION

### A. Standard of Review

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.judicial.state.ia.us/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

"frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

### B. Overview of Civil Rights Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed.

2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

## C. The Plaintiff's Claims

Given the facts alleged in the instant complaint, the court concludes that the plaintiff's assertions that the defendants unconstitutionally deprived him of his property do not give rise to a viable claim under 42 U.S.C. § 1983. As a preliminary matter, the court concludes that the plaintiff is unable to call into question the validity of the seizure of his property. The plaintiff's direct appeal in *United States v. Nieman*, Case # 3:06-cr-03021-MWB (N.D. Iowa 2007), has been resolved. Although the plaintiff filed a motion under 28 U.S.C. § 2255 in *Nieman v. United States*, Case # 3:09-cv-03020-MWB (N.D. Iowa 200_), that case is still pending. A 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). Thus, the plaintiff may not seek damages based on a claim for unlawful seizure.

Additionally, in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), the Supreme Court clarified that only it has the authority to entertain a proceeding to reverse or modify a state court judgment. *Id*. at 416; *see also* 28 U.S.C. § 1257(a) (granting only the United States Supreme Court the power to review final judgments rendered by high courts of a state). In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), the Supreme Court reaffirmed that federal courts do not have jurisdiction to review final state court judgments

in judicial proceedings. *Id*. at 482-86. The Supreme Court concluded that federal district courts lack jurisdiction to review issues that are "inextricably intertwined" with the issues previously decided in a state court proceeding. *Id*. at 486. The two principles have merged to become the *Rooker-Feldman* doctrine, which stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions. *See Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (explaining limited scope of the *Rooker-Feldman* doctrine).

Here, the plaintiff complains of injuries caused by the judgment that entered against him in *In Re Seized Property of David Nieman*, No. SPCV018285 (Hancock County Dist. Ct. 2007). The judicial action attacked in this case was taken in adversary proceedings and within the scope of the color of authority granted to Hancock County Attorney Karen R. Kaufman Salic. Under the *Rooker-Feldman* doctrine, the court lacks subject matter jurisdiction because the plaintiff's allegations of error are "inextricably intertwined" with the issues that were resolved in the state court proceedings. Stated differently, the court lacks the authority to review and reject the state court judgment. It is not possible for the court to grant the requested relief without disrupting the judicial process of the Iowa courts; the plaintiff's recourse, if any, is through the Iowa appellate procedure and, ultimately, a review by the United States Supreme Court.

Alternatively,

> [t]he federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. . . . The federal courts generally have also consistently accorded preclusive effect to

7

issues decided by state courts. Indeed, [under the Full Faith and Credit Statute—28 U.S.C. § 1738, the federal courts must] give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.

*Allen v. McCurry*, 449 U.S. 90, 94-96, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) (citations omitted); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-94, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (explaining that *Rooker-Feldman* is a jurisdictional doctrine and it does not override or supplant preclusion doctrine). Because judgment entered against the plaintiff in Iowa, the law of Iowa must be applied. *See United States v. B.H.*, 456 F.3d 813, 816-17 (8th Cir. 2006); *Haberer v. Woodbury County*, 188 F.3d 957, 961 (8th Cir. 1999); *Gross v. Heikien*, 957 F.2d 531, 532 (8th Cir. 1992); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). The doctrine of collateral estoppel, *see Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981) (setting forth prerequisites that must be established before the doctrine of collateral estoppel may be applied), and/or the doctrine of res judicata, *see George v. D.W. Zinser Co.*, 762 N.W.2d 865, 868-69 (Iowa 2009) (discussing what must be established when asserting res judicata), bars the plaintiff from proceeding with his claim in the courts of Iowa. Consequently, the plaintiff is precluded from proceeding here because his claim was or could have been litigated in *In Re Seized Property of David Nieman*, No. SPCV018285 (Hancock County Dist. Ct. 2007), where he was afforded a full and fair opportunity to litigate. *Cf. Allen v. McCurry*, 449 U.S. at 94 (stating that, under the doctrine of res judicata, a final judgment on the merits bars parties or their privies from relitigating issues raised or which could have been raised in the prior action); *id*. at 103-05 (collateral estoppel may apply when a plaintiff attempts to relitigate in federal court issues decided against him in state criminal proceedings); *Gross*, 957 F.2d at 532-33 (concluding that issues decided in state post-conviction proceedings are given collateral estoppel effect in

subsequent actions under 42 U.S.C. § 1983). Thus, the plaintiff's claims are frivolous and shall be dismissed.

Moreover, the applicable statute of limitations is the period governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5, 125 S. Ct. 1453, 161 L. Ed. 2d 316 (2005) (reaffirming that the statute of limitations for a 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts); *Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). Such "'statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act'". *Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985)); *see also Richmond v. Clinton County*, 338 F.3d 844, 847 (8th Cir. 2003) (relying on *Roth*, 27 F.3d at 1306). The plaintiff did not file the instant complaint in a timely manner; the plaintiff sustained an injury on April 3, 2007 and he filed the instant action on June 26, 2009.[2] Accordingly, the applicable statute of limitation bars the plaintiff's action. Because he failed to state a claim upon which relief can be granted, the court shall dismiss the complaint.

Further, "[42 U.S.C. §] 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson*, 419 U.S. 345, 349, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974)). "If the action of [a defendant] was purely private action, then [42 U.S.C. §] 1983 affords no basis for federal jurisdiction and [the claim must be] dismissed for lack of subject matter jurisdiction." *Lubin v. Crittenden Hosp. Ass'n.*, 713 F.2d 414,

_____

[2] The court notes that the plaintiff's complaint is dated June 22, 2009 and the postmark on the envelope is June 24, 2009. Neither date alters the court's analysis.

415 (8th Cir. 1983). A private party, however, can be held liable under 42 U.S.C. § 1983 if it acts under color of state law. *Crumpley-Patterson*, 388 F.3d at 590.[3] Acts of a private party are "fairly attributable to the State" so as to be deemed under "color of state law" for 42 U.S.C. § 1983 purposes "if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (quoting *Jackson*, 419 U.S. at 351).

Here, the complaint fails to aver that Charles L. Hawkins was a state actor or acting under color of state law when the plaintiff's constitutional rights were allegedly violated; the plaintiff's allegations do not establish state action. Charles L. Hawkins is clearly a privately retained attorney. Further, any conduct of Charles L. Hawkins may not be fairly attributed to the State. *Cf. Hoyt v. St. Mary's Rehab. Ctr.*, 711 F.2d 864, 866-67 (8th Cir. 1983) (stating that "[m]any decisions in our society, right or wrong, simply must be left to the good judgment and discretion of private individuals, including physicians and other professionals, subject to whatever statutes or regulations may validly be issued by one or another level of government" and concluding that no state action existed); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) (concluding that plaintiff failed to state a legally cognizable claim under 42 U.S.C. § 1983 because allegations pertaining to private individual did not show that state action was involved). Because Charles L. Hawkins cannot be considered a state actor so as to invoke federal jurisdiction under 42 U.S.C. § 1983, the plaintiff fails to state a claim upon which relief can be granted.

---

[3] The court notes that the "under color of state law" element of 42 U.S.C. § 1983 "has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794 n.7, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)).

Finally, with respect to the plaintiff's state-law claim, that is, the plaintiff's legal malpractice claim, *see Ruden v. Jenk*, 543 N.W.2d 605, 610 (Iowa 1996) (discussing legal malpractice claim), the court declines to exercise supplemental jurisdiction. *See Brown v. Peterson*, 156 Fed. Appx. 870, 871 (8th Cir. 2005) (concluding decision to exercise supplemental jurisdiction over state-law claim is discretionary); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (indicating subsection (c) of 28 U.S.C. § 1367 clearly gives a court discretion to reject jurisdiction over supplemental claims).

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis is granted.

(2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

(3) The agency having custody of the plaintiff is directed to submit $300.00 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.

(4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the clerk of court each time the amount in the account exceeds $10 until the filing fee is paid.

(5) The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A(b)(1).

(6) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(7) The plaintiff's application for appointment of counsel is denied.

**DATED** this 9th day of September, 2009.

Mark W. Bennett

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

**TO:    WARDEN/ADMINISTRATOR**
        **Federal Correctional Institution—Englewood, Littleton, Colorado**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that David Nieman, #03346-029, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Nieman v. State of Iowa, et al.*, Case No. C09-3042-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the prisoner's account information, the court has assessed an initial partial filing fee of $300.00, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

By:  /s/ des, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa